UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KING SOLOMON SEALS-SUPALUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-00421-NCC |
| | ) |
| ALL AND EVERY PROBATION & PAROLE BOARD STAFF AND BUSINESSES IN MISSOURI, | ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff King Solomon Seals-Supalus's Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 2). Having reviewed the Application and the financial information submitted in support, the Court finds that Plaintiff is unable to pay the costs associated with this action. Therefore, the Court grants Plaintiff's request to proceed in forma pauperis (IFP) and waives the filing fee in this matter. Nevertheless, for the reasons set forth below, the Court dismisses this action without prejudice.

**I.    Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss an IFP complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented litigant, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the Court can discern the essence of an allegation, it should construe the complaint in a way that

permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). When dealing with factual frivolity, courts are given "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Factual allegations are clearly baseless if they are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is intended to harass or is part of a longstanding pattern of abusive and repetitious lawsuits. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *see also In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (discussing that when determining whether an action is malicious, the Court need not consider only the complaint before it but may consider the plaintiff's other litigious conduct).

## II. The Complaint

Plaintiff is a frequent filer in this district.[1] In the present action, he identifies himself as a "prophet" and "King Solomon Seals or Seales-Ali, Supalus or Allah." (ECF No. 1 at 2). He alleges

---

[1] *See Seales v. Adams*, No. 4:12-CV-920-AGF (E.D. Mo. May 18, 2012) (dismissed June 1, 2012); *Seales v. Cir. Ct. of St. Louis County, Mo.*, No. 4:12-CV-1004-NAB (E.D. Mo. June 1, 2012) (dismissed June 6,

2

that the Missouri Board of Probation and Parole attempted to "enslave" and "scapegoat" him, which he compares to being "crucif[ied] . . . when [he] was Jesus." (ECF No. 1-1 at 3). Plaintiff further contends that he is "trying to conqu[e]r the church, state, and its social community," and seeks the dissolution of "parole board offices everywhere." *Id.* He also references prior lawsuits against Central Bank in Clayton, Missouri, and asserts that he personally built all "building[s], houses, temples and businesses" in the State of Missouri. *Id.* at 3–4. As relief, Plaintiff seeks wide-ranging injunctive measures and "$700,707,700 zillion dollars and all wealth, gold, silver and commerce." (ECF No. 1 at 5).

### III. Discussion

The allegations in this matter are plainly frivolous. Plaintiff's assertions that he was "Jesus," that he is "King Solomon" and "Allah," that he owns all buildings and businesses in Missouri, and that he is entitled to "$700,707,700 zillion dollars and all wealth, gold, silver and commerce" are fanciful, fantastic, and wholly incredible. *See Denton*, 504 U.S. at 32. Such claims are factually frivolous and warrant dismissal under § 1915(e)(2)(B).

Plaintiff's litigation history also reflects a pattern of repetitive and abusive filings premised on Moorish sovereign citizen ideology. The present action is a continuation of that malicious

---

2012); *Seales v. Warden of PCC*, No. 4:12-CV-1096-NAB (E.D. Mo. June 18, 2012) (dismissed June 26, 2012); *Seales v. Gravett*, No. 4:12-CV-1139-JAR (E.D. Mo. June 21, 2012) (dismissed July 2, 2012); *Seales v. Gilmer*, No. 4:12-CV-1149-ERW (E.D. Mo. June 25, 2012) (dismissed July 5, 2012); *Seales v. Landrum*, No. 4:12-CV-1181-CAS (E.D. Mo. June 27, 2012) (dismissed July 16, 2012); *Seales v. Each Psychologist at PCC*, No. 4:12-CV-1186-CDP (E.D. Mo. June 27, 2012) (dismissed July 23, 2012); *Seales v. Mo. State Prob. and Parole*, No. 4:12-CV-1781-CDP (E.D. Mo. Oct. 1, 2012) (dismissed Oct. 17, 2012); *Seales v. Nixon*, No. 4:12-CV-1829-CAS (E.D. Mo. Oct. 5, 2012) (dismissed Oct. 16, 2012); *Seales v. U.S. Dist. Ct., E. Dist. of Mo.*, No. 4:12-CV-2084-FRB (E.D. Mo. Nov. 5, 2012) (dismissed Nov. 20, 2012); *Seales v. Warden of PCC*, No. 4:12-CV-2237-NAB (E.D. Mo. Nov. 28, 2012) (dismissed Dec. 10, 2012); *Seales v. Scaife*, No. 4:12-CV-2375-SNLJ (E.D. Mo. Dec. 21, 2012) (dismissed Jan. 3, 2013); *Seales v. Hiawatha*, No. 4:13-CV-373-SPM (E.D. Mo. Feb. 27, 2013) (dismissed Mar. 6, 2013); *Seales v. Reese*, No. 4:13-CV-1696-RWS (E.D. Mo. Aug. 23, 2013) (dismissed Sept. 11, 2013); *Seals v. Perkins*, No. 4:17-CV-2205-JCH (E.D. Mo. Aug. 3, 2017) (dismissed Aug. 7, 2017); *Seals v. Griffith*, No. 4:17-CV-2515-SNLJ (E.D. Mo. Oct. 2, 2017) (dismissed Oct. 5, 2017); *Seals v. Muslims*, No. 4:18-CV-1215-RWS (E.D. Mo. July 23, 2018).

3

pattern. *See In re Tyler*, 839 F.2d at 1293. This constitutes an independent basis for dismissal under § 1915(e)(2)(B).

Finally, to the extent Plaintiff seeks relief against the Missouri Board of Probation and Parole, such claims fail as a matter of law. The Board is a state agency, not a "person" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

### IV. Conclusion

For these reasons, the Court dismisses this action without prejudice under § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 18th day of August, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE